Robert J. ANDERSON Jr., Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 89–3287

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 7, 1989.

M. Chadwick Pellerin, LaBorde, Pellerin, Villemarette, New Orleans, La., for plaintiff-appellant.

Marguerite Lokey, John M. Gough, Dallas, Tex., for defendant-appellee.

Before GEE, WILLIAMS, and DUHÉ, Circuit Judges.

PER CURIAM:

FACTS

The appellant, Robert J. Anderson Jr., appeals from denial of his April 1986 claim for Social Security disability and supplemental security income payments. He was born on August 25, 1944. He has a high school education and took a trade school course in carpentry. Prior to initially claiming disability benefits, he built structures, supervised 12–13 men, and traveled from place to place bidding on different building jobs.

The appellant was first injured on August 16, 1982. He was treated by Dr. Schumacher who found a 10 percent impairment of the body due to neck and back injuries. The doctor believed, however, that the appellant would be able to return to some sort of gainful employment. Two other physicians concurred.

He injured his ankle in August of 1985 while working on an automobile. The appellant underwent a series of examinations

in 1985 and 1986. One examination showed that the motor strength in his left leg was less than in his right. A subsequent examination in 1986 revealed that the plaintiff suffered from lower back problems.

The appellant filed his first claim for disability benefits on January 29, 1985. The Administrative Law Judge denied the claim in January of 1986 because he found that Anderson could do sedentary work; and that the claimant's allegations of pain were not credible. These findings were not appealed.

In connection with the present claim filed on April 22, 1986, the appellant underwent a consultative examination by Dr. Williams who stated that the "physical findings ... were conflicting." The appellant did not "flex or extend his trunk while standing but he was "able to sit fully erect on the examining table with his knees completely extended without any apparent discomfort." Appellant carried crutches but walked without a limp. The ALJ relied heavily on these observations in finding that the appellant's complaints of pain were not credible. He found that the appellant suffered from a severe musculoskeletal impairment which precludes him from doing his past work. The ALJ then determined that the appellants' residual functional capacity, age, education, and past work experience required a finding of not disabled under the Medical Vocational Guidelines.

The appeals council denied review and the appellant sought judicial review. The magistrate agreed with the ALJ but supplemented his findings pointing out that the appellant's daily activities were not consistent with his claim that he is in too much pain to do sedentary work. The appellant testified that he fishes, attends church regularly, shops with his wife, and visits friends and relatives. The magistrate's recommendations were adopted by the district court.

Anderson contends on appeal that the ALJ made three reversible errors: he applied the wrong legal standard, he refused to order a necessary test, and he erred in using the Medical Vocational Guidelines.[1]

## BURDEN OF PROOF AND STANDARD OF REVIEW

■ A sequential process is used to determine whether a claimant is disabled and, therefore, entitled to benefits:

First, it is determined whether the claimant is engaged in work that constitutes 'substantial gainful activity.' 20 C.F.R. § 404.1520(b). The claimant's impairment is then evaluated to determine whether it is severe. *Id.* at § 404.1520(c). If so, the plaintiff's condition is compared with a list of impairments compiled by the Secretary, see 20 C.F.R. § 404, App. I, and if it meets or equals a listed impairment, the claimant is considered automatically disabled. 20 C.F.R. § 404.1520(d). If not, the next stage of the disability evaluation asks whether the claimant's impairment prevents the performance of his previous employment. *Id.* at § 404.1520(e). If unable to continue in previous employment, the next inquiry is whether he can do any other 'substantial gainful work which exists in the national economy.' 42 U.S.C. § 423(d)(2)(A).... If not, he is disabled within the meaning of the act.

*Herron v. Bowen,* 788 F.2d 1127 (5th Cir. 1986). *See also Fields v. Bowen,* 805 F.2d 1168, 1170 (5th Cir.1986) (per curiam). The appellant cannot perform his previous work. The sole issue, therefore, is whether the last step was properly carried out.

The burden of proof is initially on the claimant. If the claimant proves that he is unable to do his previous work, the burden shifts to the Secretary to show that there is other substantial work which the claimant can perform. If the Secretary meets this burden, the burden shifts back to the claimant to show that he cannot perform this

---

1. Anderson never appealed the January 1986 administrative determination that he was not entitled to benefits. This determination must be given preclusive effect. *See* 20 C.F.R.

§ 404.957(c)(1). Anderson, therefore, may not claim that he was disabled and that he is entitled to benefits for any period prior to that determination.

alternative work. *See Fraga v. Bowen,* 810 F.2d 1296, 1301–02 (5th Cir.1987).

This Court, moreover, is limited in the scope of review which it may undertake:

> In reviewing disability determinations by the Secretary, this Court's role is limited to determining whether substantial evidence exists in the record, considered as a whole, to support the Secretary's factual findings and whether any errors of law were made.... To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance.... We may not reweigh the evidence or substitute our judgment for that of the Secretary, but we must scrutinize the record in its entirety to ascertain whether substantial evidence does indeed support the Secretary's findings.

*Fraga,* 810 F.2d at 1302 (citations omitted).

THE LEGAL STANDARD FOR DETERMINING WHETHER PAIN RENDERS A CLAIMANT DISABLED

The appellant claims that the wrong legal standard was applied in determining whether pain disabled him. The appellant argues that Social Security Rule 88–13 controls this litigation[2] and that the ALJ failed to meet the dictates of that ruling. The vice in the appellant's argument is that he admits that this ruling is a statement of policy which is fully consistent with Fifth Circuit authority. Thus if the ALJ complied with this court's precedent, it does not matter if the ALJ failed to follow SSR 88–13 because it does not change the law.[3]

█ It is clear, moreover, that the decision to deny the appellant benefits is fully warranted under existing law and SSR 88–

13. First, pain must be linked to some underlying medical condition. *See* 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. § 404.1529. Once pain is linked to an objectively verifiable condition, as in the instant case, it is not necessary that the pain which allegedly disables the claimant be proved objectively (*See Floyd v. Bowen,* 833 F.2d 529, 533–34 (5th Cir.1987) and *Hollis v. Bowen,* 837 F.2d 1378, 1384–85 (5th Cir. 1988) (per curiam)) but it must still be proved by the claimant.

█ The ALJ did not find the appellant credible. In *Abshire v. Bowen,* 848 F.2d 638, 642 (5th Cir.1988) (per curiam) the court reasoned "an ALJ's unfavorable credibility evaluation of a claimant's complaints of pain will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain." The ALJ did so. The ALJ concluded from objective medical and other evidence that the appellant was not telling the truth about his symptoms. He did not bend his trunk but was able to sit on the examining table with his knees fully extended and without apparent discomfort. He walked without a limp but carried crutches. Appellant complains of disabling pain since 1982 but he was hurt in 1985 while repairing a car, an activity from which he was allegedly then disabled.

SSR 88–13 does not change the law but explains how a determination of disability based on pain is to be made:

> The Residual Function Capacity assessment ... must include a discussion of why reported daily activity restrictions are or are not reasonably consistent with the medical evidence.

---

**2.** The ALJ apparently failed to take SSR 88–13 into account because it was published after Anderson was denied benefits. Since the effective date of SSR 88–13 is Aug. 20, 1980, its dictates, if any, must be applied to the present dispute.

**3.** If SSR 88–13 truly constitutes a policy statement, it is difficult to see how failure to comply with it would constitute reversible error. By asking this Court to reverse the ALJ on the basis

of SSR 88–13, the appellant is seeking to make this ruling binding on the agency even though it is not binding on this Court. *See Panhandle Producers & Royalty Owners Ass'n v. Economic Regulatory Administration,* 847 F.2d 1168, 1174–75 (5th Cir.1988). Since we find that the Secretary complied with prior precedent and SSR 88–13, we do not address the issue of the effect if any, of a failure by an agency to comply with its own policy.

In instances in which the adjudicator has observed the individual, the adjudicator is not free to accept or reject that individual's subjective complaints solely on the basis of such personal observations. Rather, in all cases in which pain is alleged, the determination ... is to contain a thorough discussion ... of the objective medical evidence and the nonmedical evidence.... The rationale is then to provide a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's capacity to work.

The appellant argues that the ALJ made two errors under SSR 88–13. First, he did not analyze the appellant's daily activities. Second, the ALJ failed to resolve the inconsistencies in the evidence.

▮ The magistrate, not the ALJ, made findings as to the appellant's daily activities. This does not constitute reversible error:

Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected.... The major policy underlying the harmless error rule is to preserve judgments and to avoid waste of time.

*Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988) (per curiam). *See also Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). The magistrate's findings are based on the testimony presented to the ALJ. Appellant's daily activity is consistent with the ALJ's findings.

The appellant's contention that the ALJ did not resolve the inconsistencies in the evidence is groundless. The appellant complains that the ALJ did not take into account evidence which favors his claim. SSR 88–13 does not require an ALJ to reconcile the irreconcilable. The appellant said he was in pain, there is substantial evidence to believe that he is not, and the ALJ resolved these inconsistencies by disbelieving the appellant.

## FAILURE TO ORDER TESTS AND IMPROPER USE OF THE MEDICAL VOCATIONAL GUIDELINES

▮ The appellant argues that the ALJ should have ordered nerve conduction stud-

ies. The claimant has the burden of proof in establishing his disability. If the claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence. *See* 20 C.F.R. § 404.1516 (1986). The ALJ has the discretion to order a consultative examination. *See Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir.1987) (per curiam). An examination at government expense is not required "unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision." *Id.* at 526 (quoting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir.1977)). There is sufficient evidence in the instant case for the ALJ to have decided that the claimant is not disabled by pain and, therefore, no additional examination was warranted.

▮ The appellant's last argument is that the ALJ erred in relying on the Medical Vocational Guidelines because he suffers from a non-exertional impairment which impedes him from performing the full range of sedentary work. *See Fields v. Bowen*, 805 F.2d 1168 (5th Cir.1986). Since we agree that the appellant may no longer perform his previous work, the Secretary has the burden of establishing that he is employable. The Secretary may discharge this burden by relying on the Medical Vocational Guidelines. "Once the ALJ has made findings of fact as to age, education, transferability of skills, work experience, and residual functional capacity" and these coincide with the criteria in the vocational regulations, a conclusion is directed as to whether the claimant is disabled or not. *Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir.1983). These guidelines may not be used, however, if the claimant suffers from a non-exertional impairment. *See Fields*, 805 F.2d at 1170. Since we hold that the appellant does not suffer from such an impairment, the Secretary may rely on the Guidelines.

The judgment of the district court is AFFIRMED.