46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BRENNAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee,
 No. 93-15908.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Jan. 9, 1995.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 As the parties are familiar with the facts of the case, we will not recite them here. We find that the ALJ did not err in declining to order a full neurological examination for Mr. Brennan. We further conclude, for reasons discussed below, that we need not determine whether the ALJ's failure to address the Espinas declaration and the McAfee letter constituted error. We affirm the district court.
 
 
 3
 In the face of Brennan's failure to produce acceptable medical evidence of his disability, 20 C.F.R. Sec. 404.1512(a), the ALJ still had a duty to develop the record fully and fairly and to assure that Brennan's interests were considered. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.1983).
 
 
 4
 Here, however, a neurological examination would have provided no additional material facts necessary to support an informed decision of Brennan's claim. See Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir.1989). Evidence derived from a neurological examination would go only toward establishing an underlying physical infirmity in Brennan. Because the ALJ had already recognized medical evidence establishing that infirmity, which did not amount to a disability, an MRI or other examination would add nothing to the substantiality of the evidence. The ALJ thus did not err in declining to order the examination. See id.
 
 
 5
 Brennan alternatively argues that the ALJ erred in failing to consider or acknowledge the Espinas declaration and McAfee letter in his decision. We need not decide this issue, as we will not remand for errors having no effect on the outcome of the case. Booz v. Secretary, 734 F.2d 1378, 1380 (9th Cir.1984). Even if the ALJ erred in not considering the evidence from the vocational counselors, that error would not affect our inability to award benefits absent the required medical evidence of disability.
 
 
 6
 20 C.F.R. Sec. 404.1512(a) requires Brennan to prove to the Secretary that he is disabled within the meaning of the Act by furnishing, at a minimum, medical evidence to that effect. Section 404.1513(a) limits acceptable sources of that medical evidence to include physicians, osteopaths, psychologists, optometrists and their agents. Brennan has provided no such evidence from any of the above sources. Whether or not Espinas' declaration or McAfee's letter is acknowledged, then, the ALJ can point to substantial and unchallenged evidence to support his conclusion that Brennan was not disabled. Brennan's failure to carry his burden is unaffected by any error on the ALJ's part in failing to consider non-medical evidence. We therefore affirm.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3