**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-50028
Summary Calendar
_____

CHARLES WRIGHT,

Plaintiff-Appellant,

VERSUS

SHIRLEY S. CHATER, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-93-CV-818)
_____

(July 24, 1995)

Before JOLLY, DUHÉ and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Charles Wright was denied Supplemental Security Income benefits by the Administrative Law Judge. The Appeals Council denied review. The district court granted judgment for the Secretary. Finding no error, we affirm.

Our task is to determine from the entire record whether the Secretary applied the proper legal standards and whether her decision is supported by substantial evidence. Anthony v.

_____

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

*Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance. *Anderson v. Sullivan*, 887 F.2d 630, 633 (5th Cir. 1989). A claimant bears the overall burden of proving his disability. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

The ALJ applied the well known five-step process and concluded at step five that Wright could perform light work. Our review of the record convinces us that the ALJ was correct at each step. Considering the limitations that Wright is unable to work around smoke, dust, animal hair, and fumes, the ALJ found a significant number of jobs for which Wright is suited (e.g., clerk) exist in the national economy. He relied on objective medical facts, the diagnoses and opinions of treating and examining physicians, Appellant's subjective evidence of pain and disability, and Appellant's age, education and work history. *De Paepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972).

Though a vocational witness testified that additional limitations such as mental conditions and drowsiness would eliminate a worker's ability to retain a clerk job, the ALJ did not find these limitations were present. That witness's testimony did not, as Wright argues, eliminate the clerk job for Wright. The finding that Wright could work as a clerk is supported by substantial evidence.

We have considered Wright's allegations that the ALJ's decision was not based on the proper legal standard and find it to be without merit.

AFFIRMED.