**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50618
Summary Calendar

BENNY OCHOA,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-94-CV-737

March 23, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Benny Ochoa appeals the district court's judgment affirming the Commissioner of Social Security's denial of supplemental security income (SSI) benefits under 42 U.S.C. § 405(g). Ochoa argues that there is no substantial evidence to support the Commissioner's finding that he can perform light work. Having reviewed the entire record, we find that the decision was supported by substantial evidence and the proper legal standards were used in evaluating the evidence. See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990); Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

The Commissioner's finding that Ochoa could perform light work was based in part on Ochoa's testimony that he could occasionally lift up to 20 pounds and in part on the medical record which contained nothing showing that Ochoa was physically unable to perform light work. See 20 C.F.R. § 404.1567(b) (definition of light work); Selders v. Sullivan, 914 F.2d 614, 618 (5th Cir. 1990).

Ochoa argues that the Commissioner's decision failed to evaluate his complaints of pain under the criteria set forth in Social Security Ruling 88-13. See Anderson v. Sullivan, 887 F.2d 630, 633 (5th Cir. 1989). Contrary to his assertions, the Administrative Law Judge (ALJ) considered these factors pursuant to 20 C.F.R. § 416.929. There is substantial evidence to support the ALJ's finding that Ochoa's testimony regarding his functional limitations and pain was not supported by the medical record and was not credible. See Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994); Jones v. Heckler, 702 F.2d 616, 622 (5th Cir. 1983).

Finally, Ochoa has not given any authority for his assertion that a vocational expert is required when availability of jobs in the national economy is determined by application of the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpart P, App. 2, table 2. When nonexertional impairments do not significantly affect a claimant's residual functioning capacity, exclusive reliance on the Guidelines is proper. See Selders, 914 F.2d at 618; Dominick v. Bowen, 816 F.2d 130, 1333 (5th Cir. 1988).

AFFIRMED.