**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-50649
(Summary Calendar)

RICHARD CARRILLO,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-651

April 21, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Carrillo appeals from the district court's denial of his motion for summary judgment

and affirmation of the Social Security Administration's denial of his application for disability insurance

benefits and supplemental security income payments, 42 U.S.C. § 405(g). Carrillo argues that the

Administrative Law Judge ("ALJ") erred in finding that singly, or in combination, his obesity,

diabetes, shortness of breath, hernia and other ailments do not equal the listing set forth in 20 C.F.R.

§ 404, subpart P, Appendix 1, § 9.09(B). Having reviewed the record and the briefs of the parties,

we find that the ALJ's decision was supported by substantial evidence in the record and the proper

legal standards were used in evaluating the evidence. See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 1990); Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).

Carrillo also argues that there is no evidence to support the ALJ's finding that he is able to perform his past relevant work as a custodian, and that remand is appropriate in order to obtain the testimony of a medical expert witness as to the physical activities Carrillo can perform. We disagree. The burden of proof that a claimant is unable to perform previous relevant work is on the claimant himself; therefore, an ALJ is not required to order additional examinations when the claimant's evidence falls short of proving his assertions. See Leggett v. Chater, 67 F.3d 558, 567 (5th Cir. 1995).

Carrillo further argues that the ALJ failed to evaluate his complaint that pain affected his capacity to perform past relevant work under the criteria set forth in Social Security Ruling 88-13. Contrary to Carrillo's assertions, however, the ALJ considered the factors described in SSR 88-13: he considered both subjective complaints as well as objective findings, and found that while Carrillo's impairments impose limitations on his daily activity, there was no evidence of any nonexertional pain that would significantly restrict the range of light work Carrillo could perform. See Anderson v. Sullivan, 887 F.2d 630, 633 (5th Cir. 1989). Upon reviewing the entire record and the parties' briefs, we conclude that the ALJ's finding that Carrillo is able to perform his past relevant light work is based on substantial evidence in the record and the proper legal standards. See Villa, 895 F.2d at 1022.

AFFIRMED.