**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-30964

CAROL HARDY,

Plaintiff-Appellant,

v.

KENNETH S APFEL, Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-2137)

September 27, 1999

Before REAVLEY, HIGGINBOTHAM and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carol Hardy appeals the district court's affirming the denial of her application for Social Security disability benefits.  We vacate and remand.

On September 28, 1992, plaintiff Hardy filed an application for supplemental security benefits.  On August 15, 1994, Hardy received a hearing before an administrative law judge (the "ALJ").  Following the hearing, the ALJ submitted written

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

interrogatories to a vocational expert, Jeffery Peterson.  Hardy then requested and received a supplemental hearing before a second ALJ on September 20, 1995 to allow the opportunity to cross-examine the vocational expert.  On March 14, 1996, the ALJ determined that Hardy was not disabled because she could perform a significant number of "other jobs" in the national economy.  Hardy filed a request for review of the decision by the Appeals Council.  The request for review was denied.  Hardy then sought judicial review of the ALJ's determination.  The district court affirmed the ALJ's decision with regard to plaintiff Hardy's disability application and dismissed the plaintiff's action with prejudice.

This court's review is limited to two inquiries: 1) whether the decision is supported by substantial evidence in the record, and 2) whether the proper legal standards were used in evaluating the evidence.  *See Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994).

The Social Security Act, as amended, permits the payment of insurance benefits to persons who have contributed to the program and who suffer a physical or mental disability.  42 U.S.C. § 423(a)(1)(D).  A claimant is not entitled to disability benefits unless he establishes that he is unable "'to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment... which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *See Bowling v. Shalala,* 36 F.3d 431, 435 (5th Cir.

2

1994) (quoting 42 U.S.C. §§ 416(i), 423(d)(1)(A)).  In making this determination, a five-step sequential evaluation process is applied: (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.  *See Bowling,* 36 F.3d at 435.  The burden of proof is on the claimant for the first four steps, but shifts to the Secretary at step five.  *Id.* (citing *Anderson v. Sullivan,* 887 F.2d 630, 632-33 (5th Cir. 1989)).

Having reviewed the parties' briefs and the record, we find that the ALJ's finding that Hardy can engage in some kind of gainful employment is not supported by substantial evidence. Without satisfactory explanation, the ALJ failed to sufficiently consider clinical psychologist Dr. Charles B. Cox's opinion regarding Hardy's inability to deal with the public, to handle work stresses, to function independently, to demonstrate reliability or to maintain attention or concentration.  The ALJ

3

also failed to address Dr. Cox's observations that Hardy exhibited "very sluggish" mentation, "little or no initiative" and a poor memory and Dr. Cox's opinion that Hardy's emotional and intellectual status would further deteriorate "due to a trend toward apathy and withdrawal." The ALJ's failure to adequately consider the opinion of Dr. Cox is particularly troubling given the fact that Dr. Cox was the only expert to prepare a Mental Assessment of Ability to Do Work-Related Activities form concerning Hardy. Moreover, the ALJ failed to evaluate or take into account the vocational expert's opinion that the additional limitations discovered by Dr. Cox would preclude Hardy from performing any substantial gainful activity. In sum, the medical evidence in the record does not provide substantial support for the ALJ's conclusion that Hardy suffered no disability.

Therefore, we VACATE the district court's order dismissing Hardy's complaint, and REMAND to the district court with instructions to remand this case to allow the ALJ an opportunity to reconsider her findings in light of the apparent lack of substantial evidence available to support them.