IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30036
Summary Calendar
_____

SHIRLEY MAYFIELD,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-211-T
- - - - - - - - - -
September 11, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Shirley Mayfield appeals the district court's judgment for
the Commissioner in her action pursuant to 42 U.S.C. § 405(g) for
review of the Administrative Law Judge's (ALJ) decision denying
her request for Supplemental Security Income benefits.  We review
the Commissioner's decision to determine whether the decision is
supported by substantial evidence in the record and whether the
Commissioner applied the proper legal standards in evaluating the

_____

[*]	Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

evidence.  <u>Villa v. Sullivan</u>, 895 F.2d 1019, 1021 (5th Cir. 1990).

Mayfield contends that the ALJ's finding that she did not have a severe mental impairment was based on incorrect legal standards and not supported by substantial evidence.  She also contends that the ALJ committed reversible error in failing to complete a Psychiatric Review Technique Form (PRTF) and in failing to order an additional consultative examination to determine the severity of her mental retardation.  Mayfield also challenges the ALJ's finding that there are jobs available in the national economy that she could perform.  Specifically, she complains that the ALJ's hypothetical questions to the vocational expert regarding her ability to work did not adequately account for her mental impairments.

We have reviewed the record and parties' briefs, and we find no reversible error.  The ALJ applied the correct standard under <u>Stone v. Heckler</u>, 752 F.2d 1099, 1101 (5th Cir. 1985), in determining that Mayfield's mental impairments were not severe.  Notwithstanding her assertions to the contrary, this determination was supported by substantial evidence.  It is not this court's function to reweigh the evidence or try this issue <u>de</u> <u>novo</u>.  <u>See</u> <u>Johnson v. Bowen</u>, 864 F.2d 340, 343 (5th Cir. 1988).  Furthermore, the ALJ's determination that the medical evidence is more persuasive than Mayfield's own testimony is precisely the kind of determination the ALJ is best suited to make.  <u>See</u> <u>Falco v. Shalala</u>, 27 F.3d 160, 164 (5th Cir. 1994).  As Mayfield has not shown that her substantial rights were affected by ALJ's failure to complete a PRTF, this claim also

fails.  See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).
The ALJ had sufficient evidence to determine the severity of
Mayfield's mental impairments, and thus, no additional
consultative examination was warranted. See Anderson v. Sullivan,
887 F.2d 630, 634 (5th Cir. 1989).  Finally, the ALJ was not
required to include in his hypothetical questions any mental
limitations that he did not recognize.  See Bowling v. Shalala,
36 F.3d 431, 436 (5th Cir. 1994).

Because substantial evidence supports the Commissioner's
decision, the district court's decision is AFFIRMED.