IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11261
Summary Calendar
_____

JANICE J. JONES,

                                        Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-217-R
--------------------
April 18, 2002

Before GARWOOD, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[*]

     Janice J. Jones appeals the district court's decision
affirming the determination by the Commissioner of Social
Security that she is not disabled within the meaning of the
Social Security Act.  Jones argues that the Administrative Law
Judge (ALJ) failed to state his specific findings concerning her
impairments and that it is impossible for the court to review
whether the ALJ considered the combined effect of her
impairments.  The ALJ expressly found that Jones suffered from

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

major depression, lupus arthralgia, and possibly systemic lupus erythematosus. The ALJ also implicitly found that Jones suffered from asthma and migraine headaches as he found her residual functional capacity was limited by the need to avoid concentrated exposure to pulmonary irritants. Although the ALJ did not expressly state his findings concerning which impairments Jones had, the ALJ considered all of the medical evidence and Jones' testimony and determined that she "suffer[ed] from a combination of impairments which cause more than a slight abnormality on her ability to perform basic work activities." The ALJ also found that Jones did not have an impairment or combination of impairments of such severity to meet or equal any impairment listed in Appendix 1, Subpart P, Regulation No. 4. Jones has not shown that the ALJ's failure to identify specifically her impairments affected her substantial rights. See Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989). Further, the ALJ applied the correct legal standard in determining whether Jones was disabled. See Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).

Jones argues that the ALJ did not provide sufficient reasons for rejecting her subjective complaints. The ALJ found that Jones' "testimony was credible to the extent consistent with her residual functional capacity." The ALJ determined that the objective medical evidence and Jones' testimony concerning her daily activities were inconsistent with her claim that pain and fatigue prevented her from performing her past relevant work. The ALJ provided sufficient reasons for his credibility

determination and assessment of the evidence.  See Falco v. Shalala, 27 F.3d 160, 163 (5th Cir. 1994).  The ALJ's evaluation of the credibility of Jones' subjective complaints is entitled to judicial deference because it is supported by substantial evidence.  See Villa, 895 F.2d at 1024; see also Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000).

AFFIRMED.