United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02 – 60610
SUMMARY CALENDAR
_____

JASON A. NORDEN

                    Plaintiff - Appellant

   v.

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY

                    Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(01-CV-113-EM)

_____

Before REYNALDO G. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

        In this appeal we review the magistrate judge's decision denying Jason Norden's

(hereinafter, "Norden") application for Social Security disability benefits.  For the following

reasons, we affirm the magistrate judge's decision.

I.

FACTUAL AND PROCEDURAL BACKGROUND

_____

        [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

After Norden's initial application for disability benefits was denied, Norden petitioned for reconsideration. When he was again denied, Norden asked for a hearing before an administrative law judge (hereinafter, "ALJ"). Norden claims that the ALJ violated his due process rights by not advising him of his right to counsel and by letting Norden's grandmother represent him at the hearing. Norden further argues that the ALJ failed to fully develop the record at the hearing by failing to order physical or mental examinations of Norden. Finally, Norden argues that the decision denying him disabled status is not supported by substantial evidence. Both the Social Security Appeals Council and the magistrate judge upheld the ALJ's decision. Norden then filed a complaint in the district court and both parties consented to proceed before a magistrate. The magistrate affirmed the Social Security Commissioner's decision. This appeal followed.

II.

DUE PROCESS RIGHT TO COUNSEL

A claimant has a statutory right to counsel at a Social Security hearing. 42 U.S.C. § 406. The claimant may, however, waive this right if given sufficient information to enable him to decide intelligently whether to retain counsel or proceed pro se. *Clark v. Schweiker*, 652 F.2d 399, 403-404 (5th Cir. 1981). "Sufficient information" includes explanations of the possibility of free counsel, a contingency agreement, and the limitation on attorney's fees to 25% of past due benefits awarded. *Id.*

Norden received written notices of his right to representation prior to the hearing. At the hearing, the ALJ again informed Norden of his right to representation. Norden knowingly and voluntarily waived his right to representation and he requested that his grandmother represent him at the hearing.

Norden's argument that the ALJ should not have let his grandmother represent him is without support. The record indicates that Norden's grandmother understood the nature of the proceedings and the questions asked her. Thus, Norden has failed to prove that the ALJ denied his due process right to counsel.

## III.

## DUE PROCESS RIGHT TO DEVELOPMENT OF THE RECORD

As a claimant, Norden had the burden in establishing a disability. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). Where a claimant is unrepresented at the hearing, it is the ALJ's duty to develop a full and fair record of all relevant facts. *Kane v. Heckler*, 731 F.2d 1216, 1219-20 (5th Cir. 1984). The decision to require a consultative exam is within the discretion of the ALJ. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). An examination is only required when the ALJ cannot otherwise make a disability determination. *Anderson*, 887 F.2d at 634.

If the ALJ is guilty of failing to develop the record, the claimant must still show prejudice in the form of evidence before the district court that would have altered the outcome. *Kane*, 731 F.2d at 1219-20. Norden has provided insufficient evidence that further development of the record by the ALJ would have led to a different decision. His isolated comments about mental impairment did not raise a suspicion of a mental impairment that would require the ALJ to order a consultative mental examination. *Leggett v. Charter*, 67 F.3d 558, 566 (5th Cir. 1995).

## IV.

## EVIDENCE OF DISABILITY

Our review of the decision denying Norden disability benefits is limited to a determination of whether the decision is supported by substantial evidence and whether the proper legal

standards were used in evaluating the evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). This court may neither reweigh the evidence nor substitute its judgment for that of the Social Security commissioner or the ALJ. *Villa*, 895 F.2d at 1022.

To determine whether a disability exists for the purposes of the Social Security Act, the ALJ must weigh the following elements of proof: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) the claimant's subjective evidence of pain and disability; and 4) the claimant's age, education, and work history. *Wren v. Sullivan*, 926 F.2d 123, 126 (5th Cir. 1991). The ALJ's evaluation of the credibility of the claimant's subjective complaints is entitled to judicial deference if it is supported by substantial evidence. *Villa*, 895 F.2d at 1024.

After weighing all of the evidence, the ALJ determined that Norden's testimony concerning his impairments and their impact on his ability to work was only partially credible in light of Norden's daily activities and his medical history. The objective medical evidence in the record was not consistent with Norden's complaints of pain and physical limitations. The ALJ's decision was based upon the proper legal standard and supported by substantial evidence. *Ripley*, 67 F.3d at 555.

V.

CONCLUSION

For the foregoing reasons, we affirm the magistrate judge's decision.