United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30873
Summary Calendar

JACQUELYN F. WILSON,

                              Plaintiff - Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant - Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-2922-D
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jacquelyn F. Wilson appeals the district court's judgment
affirming the Social Security Commissioner's decision to
terminate her disability insurance benefits.  The Commissioner's
decision was based upon a determination under 42 U.S.C. § 423(f)
that Wilson had undergone medical improvement.

    Wilson argues that the administrative law judge ("ALJ")
erred in concluding that there was substantial evidence of
medical improvement, that the ALJ failed to state why he did not

_____

    [*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

find her credible, that the ALJ failed to give proper weight to her treating physician's medical opinion, that the ALJ did not accurately and fully develop the administrative record, that the ALJ did not consider the combined effect of her exertional and nonexertional impairments on her residual functional capacity and the existence of jobs in the economy, and that the ALJ failed to consider her advanced age of 55 years.

In a benefits termination proceeding, the Commissioner bears the burden of proof and may terminate benefits if substantial evidence demonstrates (1) that the claimant has undergone medical improvement related to her ability to do work, and (2) that the claimant is currently able to engage in substantial gainful activity. Griego v. Sullivan, 940 F.2d 942, 943-44 (5th Cir. 1991). The Commissioner's decision that the claimant is no longer disabled will be affirmed so long as the decision is supported by substantial evidence. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is evidence that is relevant and sufficient for a "reasonable mind [to] accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Here, substantial evidence supports the Commissioner's finding of medical improvement and the determination that Wilson is able to engage in substantial gainful activity. Griego, 940 F.2d at 943-44. Specifically, Dr. Ulrich found that Wilson was

goal-directed, had no indication of psychosis, and had a fair-to-good memory.  Dr. Ulrich diagnosed Wilson with major depressive disorder, but noted that this condition was treatable with medication.  Dr. Ulrich opined that Wilson could hold a job and would benefit from having her attention directed elsewhere.

In addition, Dr. Nitsche found that Wilson was alert, had a cooperative attitude and good attention, and was well-oriented.  Dr. Nitsche determined that Wilson's delayed recall memory and remote memory were good, her thought content was normal, and she could follow commands.  Dr. Nitsche's physical examination indicated that all of Wilson's major body systems and her functional assessment were normal.  Dr. Nitsche found that Wilson suffered from obesity, chronic headaches, intermittent lumbar strain, and a history of anxiety and depression.  Dr. Nitsche concluded that Wilson's medical problems might make it difficult for her to do heavy physical work.  That conclusion, however, does not preclude a determination that Wilson has undergone medical improvement or that she can work in a different capacity.

The ALJ provided adequate reasons for finding Wilson's testimony lacked credibility.  If the uncontroverted medical evidence shows a basis for the claimant's complaints of pain, the ALJ's unfavorable credibility determination will not be upheld "unless the ALJ weights the objective medical evidence and assigns articulated reasons for discrediting the claimant's

subjective complaints of pain." Anderson v. Sullivan, 887 F.2d 630, 633 (5th Cir. 1989) (internal quotation and citation omitted). The ALJ must thoroughly discuss the objective medical evidence and the nonmedical evidence to resolve any inconsistencies in the evidence as a whole and to give a logical explanation of the claimant's capacity to work. Id. Here, the ALJ found that Wilson's medical records contradicted her claim of continued disability. The ALJ noted that Wilson sought mental health treatment only sporadically; that she had voiced no complaints during the relevant time period, except with respect to an inability to sleep; that her mental condition was treated with medication; and that Dr. Ulrich opined she could hold a job. Thus, the ALJ provided adequate reasons for his credibility assessment.

Wilson's complaint that the ALJ did not adequately develop the record is based on a purported disparity in the evidence discussed in the ALJ's decision and the evidence in the record. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. Kane v. Heckler, 731 F.2d 1216, 1219 (5th Cir. 1984). The ALJ's decision will be affirmed unless the claimant shows (1) that the ALJ failed to fulfill his duty to adequately develop the record and (2) that the claimant was prejudiced thereby. Id. at 1220. Here, Wilson has not identified

the alleged disparity. Even if there is a disparity, Wilson has not shown that she was prejudiced. Wilson complains about the ALJ's failure to consider her letter requesting a hearing, but that failure could not prejudice Wilson because she received a hearing.

Substantial evidence indicates that Wilson can engage in substantial gainful activity. Although the record shows that Wilson still has a severe mental impairment, it also shows that she can understand, remember, and carry out a variety of technical, complex, or detailed tasks. Considering the evidence as a whole, the evidence supports the ALJ's determination that Wilson can perform jobs that exist in significant numbers in the national or state economy.

Finally, the ALJ properly considered the combination of Wilson's impairments. Even if the ALJ had considered Wilson to be a person of advanced age, that fact would not have led him to find that she was still disabled because he did not find that her residual functional capacity was limited to sedentary or light work. See 20 C.F.R. § 404.1568(d)(4).

Wilson has shown no error in the district court's judgment. Accordingly, the court AFFIRMS the judgment.

AFFIRMED.