United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-51456
Summary Calendar

———————————

JOHN GONZALES,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal From the United States District Court
For the Western District of Texas
Civil Docket No. A-05-CA-977-AWA
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant challenges the decision of the district
court that affirmed the Commissioner's final decision to deny his
claim for disability insurance benefits.  We affirm.

Gonzalez applied for benefits on May 19, 2003, alleging
disability due to a previous back injury.  The Social Security
Administration denied benefits initially and on reconsideration.
He requested an hearing before an Administrative Law Judge ("ALJ");
the ALJ denied Gonzalez's benefits on July 27, 2005, finding that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez was not disabled within the meaning of the Social Security Act. The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. Gonzalez now seeks judicial review, alleging four errors: (1) the ALJ did not address his request for medical evaluations regarding an asserted learning disability; (2) no substantial evidence supported the ALJ finding that he retained the residual functional capacity to perform his past relevant work; (3) the ALJ failed to properly evaluate the treating physicians' opinions; and (4) the ALJ failed to properly evaluate his credibility.

We review the Commissioner's final decision in a limited fashion, as dictated by 42 U.S.C. § 405(g), determining only whether: (1) substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards. Carey v. Apfel, 230 F.3d 131, 135 (5th Cir. 2000). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994)(citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

The decision in the instant case comports with proper legal standards. The ALJ implemented the five-step evaluation to determine disability, as mandated by 20 C.F.R. § 416.920.[1]

---

[1] At the first step, the claimant's work activity, if any, is considered. If he is doing substantial gainful activity, he will not be found disabled. At the second step, the medical severity of the claimant's impairment(s) is considered. If he

Additionally, there is substantial evidence in the record to support the decision.

We agree with the district court that the ALJ was not required to send Gonzalez for an evaluation of his learning impairments. An ALJ can, in his discretion, order a consultative examination but is not required to do so unless the medical record reveals that such an exam is necessary for the ALJ to reach a termination regarding disability. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989). There is no evidence in the medical record indicating Gonzalez suffered from a learning disability. Although his attorney mentioned Gonzalez's lack of reading comprehension and focus, inability to write well and pay attention, and limited ability to speak English, Gonzalez himself testified

---

does not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, he will not be found disabled. At the third step, the medical severity of the claimant's impairment(s) is also considered. If he has an impairment(s) that meets or equals one of the listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, he will be found disabled. At the fourth step, the Commissioner's assessment of the claimant's residual functional capacity and past relevant work is considered. If the claimant can still do his past relevant work, he will not be found disabled. At the fifth and last step, the Commissioner's assessment of the claimant's residual functional capacity and his age, education, and work experience is considered to see if he can make an adjustment to other work. If he can make an adjustment to other work, he will not be found disabled. If he cannot make an adjustment to other work, he will be found disabled. See 20 C.F.R. § 416.920. The claimant bears the burden of proof at the first four steps. Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). Because the ALJ found that Gonzalez was able to perform his past relevant work, it ruled that he was not disabled.

that he could read, write, add, and subtract. He had no difficulty in answering the ALJ's questions. And his attorney asked him no questions regarding this disability at the ALJ hearing. Further, there is no evidence that any of Gonzalez's physicians ever reported a learning disability.

We also agree that substantial evidence supports the ALJ's finding that Gonzalez retained the residual functional capacity to perform his past relevant work. Determining a claimant's residual functioning capacity is the ALJ's responsibility, Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1994), and he has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. Holman v. Massanari, 275 F.3d 43 (5th Cir. 2001). The ALJ performed a thorough review of Gonzalez's complaints and arguments, as well as of the medical record; substantial evidence supports his conclusion on this issue.

The ALJ properly evaluated the opinion of Gonzalez's treating physicians. The Regulations provide that all medical opinions are to be considered in determining a claimant's disability status. 20 C.F.R. §§ 404.1527(b), 416.927(b); yet the ALJ is reserved the opinion on ultimate issues, such as disability status. 20 C.F.R. §§ 404.1527(e), 416.927(e)(1). The ALJ must consider all medical findings and evidence that support a medical source's assertion that a claimant is disabled. Id. The ALJ in the case at bar considered the information provided by all the doctors who opined

on Gonzalez's condition, and his determination was consistent with their opinions.

Finally, we find no error in the ALJ's findings regarding Gonzalez's credibility. Gonzalez's testimony was very inconsistent. For example, he alleged that his disability began in 2001, yet there was no evidence of medical treatment during that year. Gonzalez's testimony that he felt better when laying down with his feet elevated contradicted his statement to his treating doctor that he felt better when he was active. Additionally, despite Gonzalez's report of increased back pain in 2004, his examining doctor recommended only over-the-counter pain relievers.