Clemon J. JAMES, Plaintiff-Appellant,

v.

Otis W. BOWEN, Secretary of Health
and Human Services,
Defendant-Appellee.

No. 86–3056
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 18, 1986.

Elizabeth O. Powers, Staff Atty., Capital
Area Legal Services Corp., Murphy W. Bell,
Exec. Director, Baton Rouge, La., for plain-
tiff-appellant.

Patrick A. Hudson, John M. Gough, Of-
fice of Gen. Counsel, Dallas, Tex., for defen-
dant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff-appellant Clemon James appeals the district court's summary judgment in favor of the defendant-appellee, Secretary of Health and Human Services, dismissing James' suit seeking to set aside the Secretary's denial of his claim for Social Security disability insurance and supplemental income benefits under 42 U.S.C. §§ 423(a) and 1381a. James applied for the benefits claiming that his medical condition resulted in complete disability. In his appeal to this Court, James for the first time asserts that the administrative law judge, knowing that James was not represented by counsel, failed to discharge his duty to fully develop all the relevant facts regarding his disability. This contention was not raised in the district court below, where James was represented by counsel, and we therefore reject it since any deficiency in this respect was not egregious and since the record appears to be developed with at least minimal adequacy and contains substantial evidence to support the administrative law judge's determination that James is not disabled within the meaning of the statutes. Accordingly, we affirm the district court's judgment denying James' claim for relief.

### Facts and Proceedings Below

James filed an application for Social Security disability insurance benefits and supplemental income benefits on March 25, 1983.[1] James is a forty-nine year old man who has an eighth grade education and is able to read and write. In addition, he has attended eight months of welding school, although he did not finish. He has worked as a welder, truck driver, insulation installer, carpenter's helper, and most recently as a night watchman. His last period of substantial gainful employment was in May of 1981. James claims that he was fired when the building he was guarding was vandalized after he blacked out.

The state agency and the Social Security Administration denied his application initially and after reconsideration. Appellant requested a hearing de novo before an administrative law judge (ALJ). Appellant appeared in person before the ALJ without counsel. The ALJ initially confirmed that James had been informed of his right to counsel in the notice of the hearing which he had received. Although the hearing lasted only ten minutes, the ALJ did ask James various questions regarding his claimed disability. James disagreed with the medical reports that his blood pressure was under control. He told the ALJ that he had dizzy spells and that he had "passed out all the way" although "it haven't been a long time now," and that he had bad headaches in the morning which lasted for about an hour but went away after he took his blood pressure medicine. In addition, he stated that his heart beat fast and he took medication for fluid around his heart. He also claimed to have problems with his nerves, stating that "most of the time if I get angry or something my nerves get bad or something like that or if there's a lot of noise around or something, sometimes I get scared my pressure go up." However, James has not seen any medical personnel in regard to his nerves. James stated that he could walk about two or three blocks if he took his time, that he did not have too much trouble lifting, and that he could bend, stoop, and squat. In response to the ALJ's questions, he stated that he spent most of his time sitting around the house watching television.

Based upon this testimony and medical reports from four doctors, the ALJ found that James was not disabled within the meaning of the statutes.[2] Specifically the

---

1. The relevant laws and regulations governing claims for disability insurance benefits and supplemental income benefits are identical. See 20 C.F.R. §§ 416.901 et seq.; Rivers v. Schweiker, 684 F.2d 1144, 1146 n. 1 (5th Cir.1982). We will thus treat the two claims together in this opinion.

2. The statutes require that one be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

ALJ determined that James suffered from significant hypertension, obesity, moderate obstructive ventilatory disease, and that he had a history of a nervous condition, but he did not have an impairment or combinations of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulation Number 4.[3] The ALJ also found that James' subjective complaints were not supported by the medical evidence to the degree of severity alleged, that James had residual functional capacity to perform work-related activities except for work involving lifting weights in excess of fifty pounds, and that his past relevant work as a welder did not require work outside his capabilities. The ALJ found that James was not disabled as defined in the Social Security Act and therefore was not entitled to disability insurance or supplemental security income benefits.

After the ALJ's decision, James sought a review of the decision by the appeals council, which declined review on June 11, 1984, thus making the ALJ's determination final. James subsequently filed a petition for review in the United States District Court for the Middle District of Louisiana. The district court granted the Secretary of Health and Human Services' motion for summary judgment, and James brings this appeal.

## Discussion

### Adequacy of the Hearing

In his appeal to this Court, James complains that the hearing before the ALJ was merely perfunctory. James failed to raise this argument in the district court, arguing below only that he was disabled and there was insufficient evidence to sustain the ALJ's finding of no disability. James was represented by counsel throughout the proceedings in the district court. The action below was filed three months after our decision in *Kane v. Heckler*, 731 F.2d 1216 (5th Cir.1984), on which James relies in this

connection, and the motion for summary judgment was filed about nine months after *Kane*. This Court as a general rule does not consider issues raised for the first time on appeal. *Wiley v. Offshore Painting Contractors, Inc.*, 711 F.2d 602, 609 (5th Cir.1983); *City of Waco v. Bridges*, 710 F.2d 220, 227 (5th Cir.1983), *cert. denied*, 465 U.S. 1066, 104 S.Ct. 1414, 79 L.Ed.2d 741 (1984). While we might overlook the failure to raise this issue in the court below in a particularly egregious case, this is not such a case.

■ In arguing that the abbreviated nature of the hearing requires a remand, James relies upon our holding in *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir.1984), in which we stated that the ALJ has a duty to fully and fairly develop the facts relative to a claim for benefits. When, as in this case, the claimant is not represented by counsel, the ALJ's obligation "rises to a special duty" which requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 1219–20. If the ALJ fails in this duty, he does not have before him sufficient facts on which to make an informed decision and consequently the decision is not supported by substantial evidence. *Id.* at 1219.

A review of the facts in both cases shows that the situation in the case at bar is properly distinguished from that in *Kane*. In *Kane*, as in this case, the Social Security claimant was not represented by counsel. There, however, the material similarity ends. In *Kane* the hearing before the ALJ lasted only five minutes and a significant part of the proceeding was devoted to the formal introduction of exhibits and to putting Kane, the claimant, under oath. The ALJ asked only one question regarding

---

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

**3.** Conclusion of disability is compulsory if one meets certain guidelines set forth in the regula-

tions. If these guidelines are not met, however, it does not compel a finding of no disability, but rather the ALJ must evaluate the extent of the claimant's residual functional capacity in light of all the relevant facts in the case. 20 C.F.R. § 404.1521.

Kane's subjective complaints.[4] By contrast, the ALJ in this case asked James various questions regarding his blood pressure and whether or not he thought it was controlled, his dizzy spells, his blackouts and how often they occurred, and his nerve problem. In addition, the ALJ questioned James about his ability to perform various tasks such as how far he could walk, how long he could stand, if he had trouble lifting, how much he did around the house, and his use of his hands. He also questioned James about his activities during the day and how often he saw the doctor, and concluded by asking James if he had anything else he wanted to say. This is obviously much more of an investigation into James' activities than was conducted by the ALJ in *Kane* with his one question.

James emphasizes that his hearing lasted for only ten minutes and the hearing in *Kane* lasted five minutes. We did not set a specific time rule for determining if the ALJ conducted a full and fair investigation in *Kane*, but rather an objective test. The one question the ALJ asked in *Kane* did not sufficiently develop the relevant facts. On the other hand, the more substantial questioning of the ALJ in this case did develop the relevant facts and the exact amount of time it took is not determinative. Here the ALJ at least minimally fulfilled his duties as set forth in *Kane* to develop the relevant facts so that he could fully and fairly evaluate the case.

*Substantial Evidence*

■ Our limited role in reviewing Social Security disability appeals is to determine whether there is substantial evidence in the record, considered as a whole, to support the finding of the ALJ. *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir.1983); *Jones v. Heckler*, 702 F.2d 616, 622 (5th Cir.1983). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kane, supra,* at 1219; *Dellolio, supra,* at 125. In this case, there is substantial evidence in the record viewed as a whole to support the finding of the ALJ. James was examined by four physicians. His own family physician described his hypertension as controlled in the last two visits to the clinic, and none of the doctors reported any significant end-organ damage from the hypertension.[5] The medical reports also indicate that James has emphysema. While the results of his lung function studies show James has poor to fair capabilities, he is not disabled within the requirements set forth in the Social Security Regulations.[6] The objective medical evidence substantially supports the ALJ's conclusion.

■ James argues that the ALJ relied exclusively on objective medical evidence in determining that he was not disabled and failed to consider the subjective evidence regarding James' nonexertional ailments including blackouts, dizziness, nervousness, and headaches. The ALJ must consider subjective evidence of nonexertional ailments, such as pain, which may have a disabling effect. *Dellolio, supra,* at 127. *See* 20 C.F.R. §§ 404.1545 and 416.945. The subjective complaints need not be a separate ground for disability, but may significantly narrow the spectrum of jobs

---

4. The colloquy went as follows: "Q: What's the principal reason that you think you can't work? A: Well, I'm still having a leakage from my bladder. Q: Uh huh. A: And I'm suffering with my back and my feet swell easily." *Kane, supra,* at 1218.

5. End organs are the heart, liver, kidneys, and eyes. James does have some grade two KWB retinopathy but this is not disabling.

6. Social Security Regulations criteria for determining a disabling respiratory impairment are set forth in 20 C.F.R. 404 Appendix 1 §§ 3.02 and 3.04. For a person of James' height, the regulations state that a person is disabled if he has either a maximum voluntary ventilation (MVV) of 41 L/Min. or less and a forced expiratory volume in a one second interval ($FEV_1$) of 1.2 or less or total vital capacity (VC) of 1.7 or less. James' pulmonary function studies showed an MVV between 58 and 67 L/Min., an $FEV_1$ between 1.77 and 1.98, and a VC between 3.02 and 2.67. [Original Exhibits Vol. 1 p. 181]. *All* results of the pulmonary function studies show a greater capability than the regulations define as disabling.

706

within a particular category for which the claimant would otherwise qualify. *Dellolio, supra*, at 127. The ALJ expressly noted in his opinion that his decision regarding disability could not be based on objective medical facts alone. He also found that James' subjective complaints were not supported by the medical evidence to the degree alleged. James interprets the ALJ's last statement to mean that the ALJ failed to consider the subjective complaints. This is not the case. The ALJ considered James' complaints and found the claims not to be as debilitating as James asserts before this Court. The ALJ's findings regarding the debilitating effect of the subjective complaints are entitled to considerable judicial deference. *Id.* James' testimony at the hearing supports the ALJ's conclusion. James stated that he had not blacked out "in a long time" and that the headaches went away after he took his blood pressure medicine. This testimony, coupled with the medical reports indicating that the cause of the symptoms was poorly controlled hypertension, provides substantial evidence to support the ALJ's decision that the subjective ailments were not disabling. The medical evidence indicates that at one time James did not comply with his medication schedule and the symptoms were poorly controlled. Now, however, he regularly takes his medication and the symptoms are controlled. When the record indicates that hypertension can be controlled with medication, the hypertension is not disabling. *Barajas v. Heckler*, 738 F.2d 641, 644 (5th Cir.1984). James' admission that he had not blacked out in a long time, coupled with the indication that James was properly taking his medication and the hypertension was controlled, provide substantial evidence for the ALJ to determine that the referenced complaints were not disabling within the meaning of the Social Security Act.

### Conclusion

The claimed failure of the ALJ to fully investigate the facts and to fulfill his special duty to the claimant because he was without counsel is not properly before this Court, since it was not raised in the district court and we do not review such issues raised for the first time on appeal. Furthermore, the record reflects that the ALJ did in fact at least minimally fulfill his mentioned duty, that there is substantial evidence to support his conclusion that James is not disabled, and that he adequately and properly considered the case. Accordingly, we affirm the district court's decision upholding the ALJ's determination.

AFFIRMED.