Jimmy JONES, Plaintiff-Appellant,

v.

Otis R. BOWEN, M.D., Secretary, Department of Health and Human Services, Defendant-Appellee.

No. 86–4949

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 12, 1987.

---

Lonnie R. Smith, Bobbie Ross, Southwest La. Legal Services Society, Inc., Lake Charles, La., for plaintiff-appellant.

Marguerite Lokey, Dallas, Tex., Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., Patrick A. Hudson, Dallas, Tex., for defendant-appellee.

Before POLITZ, WILLIAMS and JONES, Circuit Judges.

PER CURIAM:

Appellant applied for insurance benefits under §§ 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i), 423, alleging that in 1984 he became unable to work due to high blood pressure, diabetes, heart and prostate trouble. An administrative law judge determined that he was not disabled within the meaning of the Act and was therefore not entitled to disability benefits. The district court affirmed the Secretary's determination, finding it supported by substantial evidence. We AFFIRM.

Appellant first asserts that the administrative law judge failed to fully and fairly develop the facts of his claim by not requesting a psychiatric or psychological examination to explore appellant's claimed non-exertional impairments. See *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir.1984). Appellant argues that assertions of his examining physicians "were sufficient to place the Secretary on notice that a psychiatric or psychological examination was crucial to correct adjudication." We disagree.

■ It is clear that the claimant has a burden of proving his disability by establishing a physical or mental impairment. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir.1985); 42 U.S.C. § 423(d)(5)(A). Under the applicable regulations, if sufficient medical or other evidence is not provided by the claimant, the secretary is required to make a decision based on the information available. See 20 CFR § 404.1516 (1986). Under some circumstances, however, a consultative examination is required to develop a full and fair record. 20 CFR § 404.1517 (1986). The decision to require such an examination is discretionary. In *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir.1977), we stated "[t]o be very clear, 'full inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision." (emphasis in original). See also *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 214 (6th Cir.1986) (adopting *Turner's* expression that the ALJ's decision to require consultative examination is discretionary).

■ At the outset, we note that appellant did not list a mental non-exertional impairment in his original request for benefits. Moreover, there is no indication in the record that he ever requested a consultative examination. Appellant relies solely on the following statements of examining physicians to support his claim of non-exertional mental impairments. First, in January 1984, when appellant was seen for chest pain he stated that "he had become emotionally upset" and then developed severe left pre-cordial chest pain, associated with diaphoresis, nausea, and shortness of breath. Second, during a November, 1984 disability determination examination, appellant reported to a physician that he had

become grouchy, angry, and depressed about his situation of being unable to work. "Mere sensitivity about loss of ability to perform certain chores, however, does not even approach the level of a mental or emotional impairment as defined by SSA regulations." *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir.1987) (citing 20 CFR Subpart P, App. 1, Listing 12.00). Thus, we conclude that not only did appellant fail to meet his burden in proving a non-exertional mental impairment, but that appellant also failed to raise a suspicion concerning such an impairment necessary to require the ALJ to order a consultative examination to discharge his duty of "full inquiry" under 20 CFR § 416.1444 (1986).

■ Appellant also asserts that, contrary to the Secretary's determination, his cardiovascular disease, diabetes mellitus, hypertension,[1] obesity, and manifestations of these ailments in debilitating pain render him unable to perform the full range of light work activities under 20 CFR § 404.-1567(b) (1986). We conclude, however, that the record contains substantial evidence supporting the ALJ's conclusion that none of these impairments alone, or in combination, prevented appellant from performing the full range of light work activities, or from performing his past relevant work. First, while appellant has a history of cardiovascular disease, the ALJ concluded that it was not manifested by signs, symptoms, and objective medical findings that meet or equal the requirements of a listed impairment in 20 CFR part 404, Subpart P, App. 1, Reg. 4. Additionally, while appellant has been seen on several occasions for complaints of chest pain, these episodes have been resolved during hospital stays, from the last of which appellant was discharged in "satisfactory" condition. Second, appellant also has a history of and is being

---

1. Appellant also advances the rather disingenuous argument that the district court applied the incorrect legal standard in determining the severity of his impairments, similar to that which we rejected in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985), in denying benefits because appellant's hypertension was characterized as "mild." While the ALJ correctly concluded that appellant's hypertension was of mild medical

severity, he proceeded through the sequential evaluation to conclude at the fourth and fifth levels that appellant could perform past relevant work and could perform a full range of light work activities. We perceive no error similar to that found in *Stone v. Heckler*, where the claimant's request for benefits was prematurely denied based on an improper determination of "non-severity."

treated for diabetes mellitus. This is a remediable condition and therefore is not disabling under the Act. *Epps v. Harris*, 624 F.2d 1267, 1270 (5th Cir.1980). The record shows that when appellant follows his prescribed insulin treatment, the condition is controlled. There is no evidence of significant diabetic retinopathy or any motor disfunction. Third, appellant's hypertension was within the range considered mild to moderate by the medical profession. Appellant's hypertension was not shown to be disabling. *Lovett v. Schweiker*, 667 F.2d 1, 3 (5th Cir.1981). Fourth, appellant claims that the ALJ gave no consideration to his obesity. While appellant did not raise this issue until his district court complaint, the record does not support such a contention. At the time of the hearing, it was reported that appellant weighed approximately 290 pounds. Under the Secretary's regulations, however, appellant's weight would have to exceed 328 pounds to satisfy the definition of obesity. 20 CFR part 404, Subpart P, Appendix 1, § 10.10, table I.

 Finally, appellant contends that the ALJ gave insufficient weight to his complaints of pain produced by his various ailments. The ALJ concluded that in light of the objective medical evidence the allegations of "severe, uncontrollable illness and restriction of function for light work" were not credible. While it is clear that the ALJ must consider subjective evidence of pain, *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir.1981), it is within his discretion to determine its debilitating nature. *Jones v. Heckler*, 702 F.2d 616, 621–22 (5th Cir. 1983). These determinations are entitled considerable deference. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir.1986). The objective medical evidence and appellant's own testimony at the hearing require us to defer to the ALJ's credibility determination in this case. Appellant testified that he was taking nitroglycerine to relieve chest pain. Moreover, the ALJ emphasized the discrepancy in appellant's record concerning the state of his health when he stopped working. Appellant was still working when he applied for disability insurance benefits on July 10, 1984. In his application, appellant stated that he was unable to continue performing "hard work", implicitly suggesting he was capable of "lighter work." Additionally, appellant testified at his hearing that while seeking a new job, he submitted to prospective employers a resume that indicated he was in "excellent health." The ALJ concluded that the appellant considered himself capable of working and therefore discredited his complaints of debilitating pain. We conclude that the ALJ did not err in making its credibility determinations that appellant's pain did not prevent him from performing the full range of light activities or prevent him from engaging in past relevant work.[2]

The decision of the district court is AFFIRMED.

---

**2.** The ALJ determined that appellant had the residual functional capacity to perform work related activities except for work involving lifting more than 20 pounds at a time and standing or walking more than 6 hours during an eight hour work day. The ALJ also concluded that appellant was capable of performing past relevant work as a janitor or a sitter despite his physical limitations. Appellant asserts that the ALJ erred in concluding that he was capable of performing past relevant work as a sitter for an elderly gentleman because this work required lifting more than 20 pounds. Appellant argues that an inadequate record was developed concerning the physical demands of appellant's "past relevant work" and, at minimum, remand is required to fully develop the record. While the ALJ's determination may be upheld solely on its determination that appellant can perform the full range of light work required under 40 CFR § 1567(b), we note that simply because appellant cannot perform the lifting requirements of his past job does not mean that he is unable to perform "past relevant work" as that phrase is used in the regulations. Social Security Ruling 82–61 defines past relevant work as the actual demands of past work *or* "the functional demands ... of the occupation as generally required by employers throughout the national economy." The Dictionary of Occupational Titles reveals that the occupation of sitter, or "companion," one who cares for elderly, handicapped, or convalescent persons, does not impose functional duties upon appellant beyond his residual functional capacity.