**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-10375

(Summary Calendar)
_____

KAREN M DALE,

                              Plaintiff-Appellant,

versus

SHIRLEY S CHATER, COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(2:95-CV-127)
_____
December 5, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     The Commissioner of Social Security ("Commissioner") denied
Karen Dale disability benefits under the Social Security Act, and
Dale challenged the denial in federal district court.  The court
granted summary judgment for the Commissioner, a decision that Dale
now appeals.  We affirm.

---

     [*]     Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

Karen Dale filed applications with the Commissioner of the Social Security Administration for disability insurance benefits and supplemental security income after being struck by a public transit bus. The Commissioner denied both claims. Without appealing the denial of these claims, Dale filed a second application for disability insurance benefits for the same alleged disability. The Commissioner denied this second application as well. Dale next filed a request for reconsideration, which the Commissioner also denied. Represented by counsel, Dale appeared before an administrative law judge ("ALJ"), who concluded that Dale was not disabled and therefore not entitled to disability benefits under the Social Security Act ("Act"). The Appeals Council denied Dale's request for review of the ALJ's decision, which made the ALJ's decision the final decision of the Commissioner.

Dale appealed to the federal district court for review of the denial of disability insurance benefits. Both parties filed motions for summary judgment. Based on the magistrate judge's recommendation, and over Dale's objection, the district court granted the Commissioner's motion and entered judgment for the Commissioner. Dale appeals to this Court solely on the issue of whether substantial evidence supported the Commissioner's finding that Dale did not suffer from disabling pain.

Our inquiry is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Ripley v.*

*Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  If supported by substantial evidence, the Commissioner's findings are conclusive. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  Because the Commissioner alone resolves evidentiary conflicts, we may not reweigh the evidence, try the issues *de novo*, or substitute our judgment for that of the Commissioner.  *Martinez*, 64 F.3d at 174; *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992).

The Commissioner's evaluation of a disability claim requires a five-step inquiry.  She must determine whether (1) the claimant is currently employed; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from performing past relevant work; and (5) the claimant is capable of performing work in the national economy.  *Martinez*, 64 F.3d at 173-74.  The claimant bears the burden of proving the first four elements; the Commissioner, the fifth.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1984, 131 L. Ed. 2d 871 (1995).  The inquiry terminates if, at any step, the Commissioner deems the claimant disabled or not disabled.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Here, the ALJ determined that Dale was not disabled under step four of the test. The ALJ held that, although the medical evidence establishes that Dale has degenerative disc disease and degenerative joint disease, she is not disabled as defined by the regulations. Dale's impairments do not prevent her from engaging in light work. The ALJ also concluded that Dale's allegations of pain were not substantiated by medical evidence to the extent alleged and thus do not support a finding of disability. We agree.

There is uncontroverted medical evidence that Dale suffers from degenerative disc and joint disease and chronic cervical and lumbar myofascial syndrome. It is also uncontested that Dale has bulging intervertebral discs with spurring in the lumbar region. The magistrate judge held that "[c]learly, plaintiff has a physical impairment resulting from anatomical and physiological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

However, there is no evidence suggesting a herniated disc or surgical lesion. One examining doctor found Dale's examination to be "entirely within normal limits." Another opined that Dale's impairment did not appear to require surgical intervention. A third doctor noted that Dale was in good general condition, with intact reflexes, motor power and sensory examination. A myelogram showed a normal cervical and thoracic spine with discogenic syndrome without nerve root impingement in the lumbar spine. There was no evidence of muscle spasms, and Dale experienced only a

-4-

slightly diminished range of motion and slight tenderness.

The record lacks any mention that Dale has a specific disability resulting from her impairments. There is also no evidence that any physician restricted plaintiff's activities or excused her from work. In various medical reports describing Dale's condition, examining physicians used the terms "mild," "slight," "small," and "very small" in describing Dale's impairments. Finally, the evidence also reveals that Dale's pain subsides after taking medication. After considering this evidence, the ALJ concluded that Dale's impairments allow her to perform light work.

Dale contends that pain prevents her from working and, as such, is the critical element upon which her claim of disability is based. Under the Act, pain alone can be a disabling condition, even if its existence is unsupported by objective evidence, *Cook v. Heckler*, 750 F.2d 391, 395 (5th Cir. 1985), provided the claimant establishes a medically determinable impairment capable of producing disabling pain. *Ripley*, 67 F.3d at 556. Once the claimant establishes such a medical impairment, the ALJ will determine the claimant's work capacity by considering claimant's subjective complaints of pain along with the medical evidence. *Id*. We accord considerable deference to the ALJ's determination. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986).

After weighing the evidence regarding the nature, location,

onset, duration, frequency, radiation and intensity of Dale's pain, as well as Dale's treatment for pain and her functional limitations due to the pain, the ALJ concluded that Dale's allegations of pain were not medically substantiated to the extent alleged.

Subjective complaints of disability due to pain must be corroborated by objective medical evidence. *Wren v. Sullivan*, 925 F.2d 123, 128-29 (5th Cir. 1991). Here, there appears to be no medical evidence showing such disability. None of the treating physicians restricted Dale's activities or issued her a medical excuse from work. None of the physicians recorded anything showing Dale was functionally limited or impaired. Although Dale was prescribed three different pain medications (Dolobid, Anaprox and Naprosyn), each is designed to treat only mild to moderate pain. The medical records indicate that, although Dale has some degenerative disc and joint disease, these ailments can be effectively treated with "conservative treatment." After carefully weighing this evidence, the ALJ properly concluded that the lack of objective medical evidence did not corroborate Dale's complaints of disabling pain.

The ALJ doubted the credibility of Dale's testimony regarding the extent of her pain. The ALJ does not have to credit plaintiff's subjective evidence of pain in the presence of conflicting medical evidence. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). Because the medical evidence does not support

Dale's subjective complaints of disability due to pain, the ALJ properly discounted Dale's testimony regarding the extent of her pain. Faced with this evidence, the district court did not err in granting summary judgment to the Commissioner.

The ALJ, the magistrate judge, and the district court all carefully reviewed Dale's claims and found them wanting. We conclude that the Commissioner's decision to deny Dale's application for disability benefits was supported by substantial evidence, and we therefore AFFIRM the decision of the district court.