IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10224
Summary Calendar
_____

FLORA ADAMS,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2714-T
- - - - - - - - - -
November 30, 1999

Before SMITH, BARKSDLE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Flora Adams appeals the district court's decision affirming
the determination by the Commissioner of Social Security that
Adams is not disabled within the meaning of the Social Security
Act.  Adams argues that the determination of the administrative
law judge (ALJ) that her depression was not severe is not
supported by substantial evidence because he failed to consider
the opinions of the treating physicians and the state medical
consultant.  She also argues that the ALJ's determination that
she has the residual functional capacity to perform a full range

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of sedentary work is not supported by substantial evidence in view of her bilateral manipulative limitations.  We have reviewed the record and Adams' brief and AFFIRM the district court's decision for essentially the same reasons adopted by the district court.  Adams v. Apfel, No. 3:97-CV-2714-T (N.D. Tex. December 16, 1998).

Adams also argues for the first time on appeal that the ALJ erred in finding that her depression was not severe and that the ALJ's determination that she can perform a full range of sedentary work is not supported by substantial evidence in view of her inability to tolerate environmental pollutants such as dust, fumes, and smoke.  Because Adams did not raise these issues in the district court, we will not consider them for the first time on appeal.  See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987); James v. Bowen, 793 F.2d 702, 704 (5th Cir. 1986).

AFFIRMED.