IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40436
Summary Calendar
_____

ANDREW WALKER,

Plaintiff-Appellant,

versus

WILLIAM A HALTER,
Acting Commissioner of Social Security,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:98-CV-75
--------------------
March 13, 2001

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:*

Andrew Walker ("Walker") appeals from the district court's judgment affirming the denial of his application for disability insurance benefits. He argues (1) that the administrative law judge's ("ALJ") determination that he possessed the residual functional capacity ("RFC") to perform light work is not supported by substantial evidence; (2) that the ALJ improperly relied on determinations that he was noncompliant in his medical regimen and he was a cocaine-user; and (3) that the ALJ failed to

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

give adequate weight to the opinions of treating physicians, Dr. Stan Griffin and Dr. M. E. Sutherland.

The ALJ's determination that Walker could perform his past relevant work as a corrections officer is supported by substantial evidence. The ALJ considered Walker's RFC to perform light work, as limited by certain circumstances, and considered the demands of the past relevant work. See Jones v. Bowen, 829 F.2d 524, 527 & n.2 (5th Cir. 1987). "[A]dministrative law judges must consider findings of State agency medical . . . consultants as opinion evidence." See 20 C.F.R. § 404.1527(f)(2)(i). The July 9, 1992, and August 7, 1995, opinions of state agency medical consultants support the ALJ's determination.

This court will not consider Walker's arguments that the ALJ improperly relied on determinations that he was noncompliant in his medical regimen and he was a cocaine-user because he did not make these arguments in the district court. See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987); James v. Bowen, 793 F.2d 702, 704 (5th Cir. 1986).

The ALJ's decision to give little or no weight to the opinions of Dr. Griffin and Dr. Sutherland is supported by substantial evidence because the opinions are relatively unsupported when considered in conjunction with the opinions Walker's treating physician, Dr. John F. Cramer. See Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.