**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-31370**
**Summary Calendar**

_____

**PATRICIA A. NICHOLSON,**

**Plaintiff-Appellant,**

**versus**

**LARRY G. MASSANARI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(99-CV-2074)**
_____

**May 18, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Patricia Nicholson appeals the district court's judgment affirming the denial of her application for Social Security disability benefits and supplemental security income. She contends: (1) the administrative law judge ("ALJ") committed reversible error in failing, at step two of the sequential evaluation process, to consider the severity of her urinary incontinence and in failing to apply the proper legal standard to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should _not_ be published and is _not_ precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the implicit conclusion that her incontinence was *not* a severe impairment; (2) the ALJ's refusal to secure a medical-assessment form from the consulting orthopedist was reversible error; (3) the orthopedic consultant's report does *not* support the ALJ's disability determination; and (4) the ALJ committed reversible error in refusing to obtain vocational testimony.

Based upon our review of the record, the district court did *not* err in concluding there was substantial evidence to support the Commissioner's decision that Nicholson's incontinence did *not* significantly limit her performance of past relevant work. *Cf. Crowley v. Apfel*, 197 F.3d 194, 198-99 (5th Cir. 1999) (substantial evidence did *not* support determination that claimant's incontinence did *not* significantly affect his ability to perform sedentary work). Moreover, the ALJ did *not* apply the wrong legal standard, because the decision to deny Nicholson benefits was *not* based on a finding of non-severity. *See Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987); *Lopez v. Bowen*, 806 F.2d 632, 634 n.1 (5th Cir. 1986); *cf. Stone v. Heckler*, 752 F.2d 1099, 1100 (5th Cir. 1985) (disability claim disposition based on non-severity of the impairment). The district court properly applied the substantial-evidence standard to affirm the Commissioner's determination on this issue.

Nor did the ALJ commit reversible error in determining that additional medical information from the consulting orthopedist was

2

*not* necessary. The ALJ had adequate facts before her on which to make an informed decision about Nicholson's disability status; therefore, she did *not* fail to fully develop the record. *See* **Kane v. Heckler**, 731 F.2d 1216, 1219 (5th Cir. 1984). Furthermore, Nicholson has *not* shown that the additional evidence would have altered the disability determination; therefore, she has *not* demonstrated the requisite prejudice. **Id.** at 1219-20.

Notwithstanding that Nicholson's work as a fry cook may have required "constant" bending, she is *not* precluded from performing all past relevant work as a cook, which, by her own admission, required only "occasional" bending. *See* **Jones**, 829 F.2d at 527 n.2 (claimant's previous job as a sitter requiring lifting in excess of 20 pounds did *not* preclude claimant from other jobs as sitter which did *not* impose duties beyond his residual functional capacity).

Finally, Nicholson's contention that vocational testimony was required is without merit. When, as here, the Commissioner finds that a claimant can perform past relevant work, vocational testimony is *not* required. **Williams v. Califano**, 590 F.2d 1332, 1334 (5th Cir. 1979).

                                                **AFFIRMED**