IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-51219

Summary Calendar

MARGARET N. GURGIOLO,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(99-CV-1037)

July 31, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Margaret N. Gurgiolo appeals from the district court's judgment affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act. Because she failed to object to the magistrate judge's

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recommendation, we review for plain error only.[1]  We find each of her arguments unpersuasive and affirm.

First, Gurgiolo argues that, because she presented evidence of nonexertional impairments, the administrative law judge erred by not calling the vocational expert to testify at the hearing.  The ALJ did not err in declining to call the vocational expert.  The ALJ, noting contrary evidence, found that the evidence of Gurgiolo's nonexertional impairments was not credible to the extent alleged.  This credibility determination is entitled to deference.[2] Because Gurgiolo's characteristics fit the criteria of 20 C.F.R. section 404.1569 and 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1, Rule 201.28, the ALJ did not err in relying solely on the guidelines.[3]

Second, Gurgiolo contends that the ALJ erred in assessing her residual functional capacity.  The ALJ's analysis of her RFC was based on substantial evidence, so we do not disturb his assessment.[4]  Also, contrary to Gurgiolo's assertion, *Abshire v. Bowen*[5] did not require the ALJ to examine the exertion levels of

---

[1] *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1422-23 (5th Cir. 1996) (en banc).

[2] *See Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

[3] *See Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

[4] *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (describing substantial evidence test).

[5] 848 F.2d 638 (5th Cir. 1988).

her past jobs. An ALJ must examine the exertion levels of an applicant's past employment when considering whether the applicant can return to past employment.[6] In this case, however, the ALJ determined that Gurgiolo could not return to her past employment. Thus, consideration of the exertion levels of her past employment would have been pointless.

Third, Gurgiolo argued that the ALJ erred in relying on objective evidence rather than her subjective complaints of pain. This argument has no merit. The ALJ is entitled to credit objective evidence of impairment over a person's subjective complaints.[7]

Finally, Gurgiolo argues that the ALJ's determination that she was not disabled as of the last date she was insured is not supported by substantial evidence. Gurgiolo has not shown that the ALJ erred.

The judgment of the district court is AFFIRMED.

---

[6] *See id.* at 641.

[7] *See Jones*, 829 F.2d at 527.