IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11369
Summary Calendar
_____

BRANDY M. THOMAS,

Plaintiff-Appellant,

versus

LARRY G. MASSANARI,
ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-18
--------------------
August 16, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Brandy Michelle Thomas appeals the magistrate judge's decision affirming the Commissioner of Social Security's denial of her applications for disability insurance benefits and supplemental security income. Thomas contends that substantial evidence does not exist to support the Commissioner's decision that she did not meet the listing for chronic heart failure with evidence of ventricular dysfunction. She asserts that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Administrative Law Judge ("ALJ") erroneously determined that her testimony was not credible.

Thomas contends also that substantial evidence does not exist to support the ALJ's determination that she could return to her past work and that the ALJ's conclusion regarding her ability to return to her past work resulted from legal error. Thomas asserts that the ALJ did not evaluate correctly whether her past work as a cashier constituted substantial gainful activity, did not consider her inability to work in areas that involved exposure to microwaves, and did not consider evidence provided by her former employer.

Thomas' medical records do not establish that she suffers from the enumerated conditions in the listing, nor do they establish Thomas' "inability to carry on any physical activity," which is required by 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.02A (2000). The ALJ properly relied on objective medical evidence to justify his rejection of Thomas' subjective complaints. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *see also Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

Thomas does not challenge the ALJ's determination that her past work as a drive-in car hop and a set-up dietary cook at a nursing home constituted substantial gainful activity. Thomas bore the burden of proving her disability. *See Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

The ALJ specified that Thomas' ability to return to work was limited by her need to avoid any work that involved direct exposure to hazards and electromagnetic fields since she has a

pacemaker.  Thomas' record provided no indication that her past work presented a problem due to exposure to microwaves.  Her record indicated that her pacemaker was operating effectively.  The ALJ was not required to investigate potential problems that were not indicated by the record and that were not raised by Thomas.  *See Leggett*, 67 F.3d at 566.

After reviewing the record, we hold that the Commissioner's decision was supported by substantial evidence and that the proper legal standards were used in evaluating the evidence.  *See Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).  Accordingly, the Commissioner's decision denying benefits is AFFIRMED.