United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31110
Summary Calendar

SHELMA WELSH,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1920
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:*

Shelma Welsh appeals the district court's judgment affirming

the Social Security Commissioner's denial of her application for

Supplemental Security Income benefits.  Welsh argues that the

Commissioner used the wrong legal standard to reject her claim

that her anxiety was disabling.  This argument is unavailing.

Our review of the record shows that the Administrative Law Judge

(ALJ) who considered Welsh's application applied the correct

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

standard.  See Jones v. Bowen, 829 F.2d 524, 527 n.1 (5th Cir. 1987).

Welsh also argues that the ALJ erred by not ordering a consultative examination in relation to her alleged mental impairment.  Again, our review of the record belies this assertion.  Welsh's references to her mental impairment amount to isolated comments that were insufficient to trigger the ALJ's duty to order a consultative examination.  See Leggett v. Chater, 67 F.3d 558, 566 (5th Cir. 1995).  Moreover, she has failed to establish any prejudice from this asserted error.  See Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996).

Welsh's argument that the district court erred in concluding that it could not consider evidence presented to the Appeals Council likewise lacks merit.  We need not decide this novel issue because the disputed evidence would not change the outcome of this appeal even if it were considered.  See Masterson v. Barnhart, 309 F.3d 267, 274 n.3 (5th Cir. 2002).

Finally, Welsh's argument that the ALJ erred by rejecting a prior classification of her past work lacks merit.  Welsh has not shown that the ALJ who considered her current application for benefits erred by classifying her prior work as a Pantry Goods Worker.

The judgment of the district court is AFFIRMED.