United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

----------------------

No. 06-10859
Summary Calendar

-----------------------


MARGIE GUERRERO

                    Plaintiff - Appellant

     v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

                    Defendant - Appellee

          --------------------------------------------------

          Appeal from the United States District Court for
              the Northern District of Texas, Amarillo
                          (No. 2:03-CV-165)

          --------------------------------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Margie Guerrero appeals the denial of her claim for Social

Security disability benefits.  For the following reasons, we AFFIRM

the judgment of the district court.

     Guerrero filed her claim for benefits on November 17, 2000,

alleging that chronic pain caused by, among other things, psoriatic

---

     [*] Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

arthritis and fibromyalgia prevented her from working. An Administrative Law Judge ("ALJ") heard evidence, after which he issued his decision that although Guerrero suffered from impairments that caused her pain, she was not disabled within the meaning of the relevant regulations and retained residual function capacity sufficient to work as a secretary. The Social Security Appeals Council rejected Guerrero's appeal. The district court adopted the magistrate judge's report and recommendation, finding that substantial evidence supported the ALJ's decision, and entered judgment for the commissioner.

Guerrero argues that substantial evidence does not support the ALJ's decision. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (internal quotation and citation omitted). In reviewing for substantial evidence, we do not weigh the evidence or resolve conflicts. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). To find the absence of substantial evidence we must conclude that there are no credible contrary choices or medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

We find substantial evidence to support the ALJ's decision. The ALJ concluded that Guerrero retained residual function capacity sufficient to continue work as a secretary. In so concluding, the ALJ rejected Guerrero's testimony regarding the severity of her

pain based on Guerrero's "manner while testifying at the hearing, the consistency of her testimony with statements on other occasions in the record, as well as [her] interest, bias, or prejudice considered in light of all the evidence in this case." We accord an ALJ's credibility findings substantial deference. *James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986). With respect to corroboration of Guerrero's testimony, the ALJ observed that although Guerrero asserted drowsiness and lack of concentration as side effects of her pain medication, Dr. Plata's May 2, 2002 progress note reflects no side effects of the pain medication and indicates that "[h]er symptoms seem to be well controlled with the pain management at this time." The ALJ also noted the dearth of evidence in the medical records to support a finding that Guerrero's impairment was as severe as she alleged. Dr. Plata's progress notes show a consistent level of pain - self-described by Guerrero as 5 or 6 on a scale of 10 - but one that does not rise to the level Guerrero asserted when she testified that she spent most days in bed. The only exception occurred in November 2001 when a progress note observes that after three days without pain medication – she ran out – Guerrero rated her pain as 10 out of 10. Relying on the assessment of the State Agency's physician, Dr. Dodd, the ALJ found that Guerrero suffered some functional limitations, but he concluded that Guerrero's limitations did not rise to the level she claimed.

3

Having found substantial evidence to support the ALJ's decision, our inquiry is at an end, and the judgment of the district court is accordingly

AFFIRMED.