# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-41211
Summary Calendar

PAMELA WINSTON, on behalf of D.F., a minor

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pamela Winston appeals the denial of supplemental security income benefits for her minor son, D. F.  An Administrative Law Judge found D.F. not disabled and thus ineligible for such benefits.  The Appeals Council denied review and Winston appealed this final decision of the Social Security Administration's Commissioner to the district court.  Following the magistrate's report and recommendation, the district court dismissed Winston's complaint with prejudice.  We now affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

D.F. has been diagnosed with attention deficit hyperactivity disorder (ADHD). Winston first applied for supplemental security income on April 27, 2005, arguing that her son's condition constitutes a compensable "disability." After the ALJ denied her initial application, Winston filed a second, and was awarded benefits beginning on April 1, 2007. This appeal arises from the first application; thus, Wilson seeks disability payments for the approximately two years between April 27, 2005 and April 1, 2007.

Winston raises two issues on appeal. First, noting that she proceeded without counsel before the ALJ, she argues that the ALJ failed to adequately develop the factual record. Second, Winston asserts that the success of her second application demonstrates that her first was meritorious and the ALJ erred in denying it.

II

We review the Commissioner's decision only to determine whether substantial evidence in the record supports the decision and whether the adjudicator used proper legal standards in evaluating the evidence.[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In applying this standard, we may only scrutinize the record; we may not reweigh evidence, consider the issues de novo,

---

[1] 42 U.S.C. §§ 405(g), 1383(c)(3); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

[2] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

or substitute our judgment for that of the Commissioner.[3]  A finding of "no substantial evidence" is appropriate only if no credible evidentiary choices or medical findings exist to support the decision.[4]

a

In reviewing a claim for benefits, an ALJ is under an obligation to fairly and fully develop the record.[5]  This "obligation rises to a special duty" when a claimant is unrepresented by legal counsel, requiring the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts."[6] If the ALJ fails in this duty, she does not have before her sufficient facts on which to make an informed decision; accordingly, such a decision is not supported by substantial evidence.[7]  Notwithstanding this special duty, the burden to demonstrate a disability is always on the claimant.[8]  If the claimant does not provide sufficient evidence, the ALJ must make a decision based on the available evidence.[9]

Here, the record contained sufficient evidence for the ALJ to make an informed decision, including a full evaluation by a physician, school records from a licensed professional counselor, records from other treating physicians, reports

---

[3] *See Greenspan*, 38 F.3d at 236.

[4] *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

[5] *James v. Bowen*, 793 F.2d 702, 704 (5th Cir. 1986).

[6] *Id.* (quoting *Kane v. Heckler*, 731 F.2d 1216, 1219–20 (5th Cir. 1984)) (internal quotation marks omitted).

[7] *Id.*

[8] *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989).

[9] *Id.*

from several of D.F.'s teachers, and Winston's testimony. Physicians and counselors agreed that D.F. suffered from mild to moderate ADHD. D.F.'s first grade teacher noted that he was able to function as a beginning first grader, that his behavior and attitude had improved, that he functioned below average in four of eleven categories but not functioning in the "poor" range of any category. His second grade teacher concurred: D.F. appeared to be an average second grader, and although he was given shorter assignments and more time to complete them, he was compliant and respectful, and initiated activities independently, completed tasks in a timely fashion, and was able to make and keep friends. In second grade, D.F. rated below average in only three of the eleven diagnostic categories, and was not in the poor functioning range in any of them. Other school records indicated that he was able to independently perform functional daily living routines necessary in the educational environment. In reviewing Winston's claim for benefits, a Disability Determination Services physician ascertained that D.F. had no limitations in the domains of using and manipulating objects, caring for himself, physical health and well-being, attending and completing tasks, and relating to others. He found D.F. to have less than marked limitation in his ability to acquire and use information. In other words, the reviewing doctor did not believe D.F. was disabled.

However, Winston points to two missing pieces of evidence that could have shown D.F.'s condition rose to the level of disability: results of an I.Q. test and a cognitive achievement report on D.F.'s I.Q. and speech and language capabilities. It is unclear from D.F.'s brief if this particular report was completed prior to the ALJ's decision or whether it was ever completed, although

it does appear to be a part of the school's evaluation plan as early as February 2005.

Even without this additional evidence, however, the ALJ fulfilled his "special duty" to fully develop the record and scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. This is especially true given the court's consideration of Winston's own testimony. In light of the factual record before the ALJ, we cannot say his decision is unsupported by substantial evidence.

b

Winston's second assertion–that the district court's error is made plain by the approval of Winston's second application–is similarly unavailing. Whether a subsequent application is approved is of no moment to the question of whether the prior application was meritorious *at the time of consideration*. Here, the ALJ determined that the evidence at the time indicated D.F. was not disabled. We may disturb this judgment only if "there is a conspicuous absence of credible choices or no contrary medical evidence."[10]

We AFFIRM.

---

[10] *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (citations and internal quotation marks omitted).