# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2022

Lyle W. Cayce
Clerk

No. 21-60226

Lillie Hardine,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, Acting Commissioner of Social
Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-cv-147

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Lillie Hardine applied for disability insurance benefits. The Commissioner of Social Security denied the application. The question presented is whether the Commissioner abused her discretion in denying Hardine's request for a consultative examination. We say yes.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60226

I.

In December 2015, Hardine had a brain aneurysm—just one month after giving birth to her second child and at the age of 37. She underwent brain surgery, and a clip was put in her brain. Hardine was released from the hospital in January 2016. And since then, she has seen several doctors.

On January 30, 2017, Hardine filed an application for disability insurance benefits. Thereafter, an administrative law judge ("ALJ") held a hearing, where a vocational expert ("VE") testified and where Hardine testified while being represented by counsel. Among other things, Hardine testified that she still suffers from pain in her neck, left arm, left shoulder, and left leg; that she takes medication for pain relief; that she uses a cane for balance and pain relief; that she has difficulty raising her left arm and turning her neck; and that she has difficulty sitting or standing for periods at a time. She also testified that she suffers from anxiety and depression.

On December 27, 2018, the ALJ issued a decision denying Hardine's application for benefits. The ALJ found that Hardine suffered from the following "severe impairments": lumbago, cervicalgia, left hip meralgia paresthetica, peripheral neuropathy, brain aneurysm, status-post brain surgery with a clip, bilateral knees arthralgia, chronic pain syndrome, and obesity. Although Hardine testified that she suffered from depression and anxiety, and medical records indicated that she "reported a history of anxiety" to doctors, the ALJ found that her anxiety and depression were "not medically determinable impairments" because there was no "definitive diagnosis" of either condition in the medical record. The ALJ then determined that Hardine could not perform her past work, which included jobs as a nurse assistant, patient transporter, and kitchen helper. At the same time, the ALJ found that Hardine's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [we]re not entirely

2

No. 21-60226

consistent with the medical evidence and other evidence in the record." Based on that finding and the VE's testimony, the ALJ determined that Hardine could perform a significant number of jobs in the national economy. The ALJ denied Hardine's application solely on that ground.

On August 6, 2019, the Appeals Council denied Hardine's request for review. So the ALJ's decision became the Commissioner's decision.

Soon after, Hardine sought review of the Commissioner's decision in district court. A magistrate judge, with jurisdiction by consent of the parties, initially reversed the Commissioner's decision and remanded for a new hearing. But the magistrate judge later granted the Commissioner's motion to alter or amend the judgment and affirmed the Commissioner's decision.

Hardine timely appealed. We have jurisdiction under 28 U.S.C. § 1291. Our review is for abuse of discretion. *See Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989) (per curiam); *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (per curiam).

## II.

On appeal, Hardine contends that the Commissioner made three errors, each of which warrant either reversal or vacatur with a remand for a new hearing. Because we agree that the Commissioner prejudicially erred by not ordering a consultative examination ("CE"), we do not reach Hardine's two other arguments involving substantial evidence.

The Social Security Administration "has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021) (quotation omitted); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984) ("It is the duty of the administrative law judge to develop the facts relative to a claim for benefits fully and fairly. When he fails in that duty, he does not have before him

sufficient facts on which to make an informed decision."); 20 C.F.R. § 404.1512(b).

The Commissioner's duties include sometimes ordering a CE. *Id.* § 404.1512(b)(2). A CE may be required "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the agency] to make a determination or decision on [a] claim." *Id.* § 404.1519a(b). Under our precedent, the Commissioner abuses her discretion by failing to order a CE when "the record establishes that such an examination is *necessary* to enable the ALJ to make the disability decision." *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016) (quotation omitted); *see also Jones*, 829 F.2d at 526. A failure to fulfill that duty, however, "is not reversible error unless the claimant is prejudiced." *Webster*, 19 F.4th at 720; *see also Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); *Kane*, 731 F.2d at 1220. "To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (quotation omitted).

Here, the Commissioner's failure to order a CE was prejudicial error. That is for two reasons.

First, the Commissioner stated that a December 2016 note from Dr. Booker, Hardine's treating physician, was "not clear" regarding "what medical conditions resulted in limitations" and "does not provide specific functional limitations, but instead, just opines the claimant has 'impaired ambulation,' which is vague." Similarly, as to Dr. Booker's opinion in March 2018 that Hardine had "limitations on almost all physical activities and on almost all working conditions," the Commissioner stated that the opinion "does not provide specific functional limitations on the claimant's physical activities or on the claimant's ability to work." A CE could have confirmed, disproved, or clarified the existence or extent of the purported limitations

noted by Dr. Booker and could have provided medical evidence concerning "specific functional limitations."

Second, a CE could have resolved the gaps in the record concerning whether Hardine suffered from anxiety and depression. Hardine testified that she had symptoms of anxiety and depression, and the medical evidence indicated that she had "reported a history of anxiety." The Commissioner nonetheless rejected a finding that she had either condition because the record lacked a "definitive diagnosis." A CE could have provided such a "definitive diagnosis" and resolved whether Hardine did in fact have the "medically determinable impairments" of anxiety and depression such that those conditions should have been considered when determining if she was disabled.

The agency's error is also prejudicial. Had the CE adduced evidence to support the testimony from Hardine and Dr. Booker, the record likely would compel the Commissioner to make different findings with respect to the severity of Hardine's condition and whether she could engage in any substantial gainful activity. And those different findings, if required by the evidence, would likely compel a different determination of whether Hardine was "disabled" or "not disabled."

Moreover, the Commissioner gave Dr. Booker's two opinions "no controlling weight" and "some weight," respectively. Had the CE adduced evidence supporting Dr. Booker's opinions, however, those opinions likely would have been entitled to controlling weight under the "treating source rule" applicable to Hardine's case.[†] That, in turn, likely would have changed the outcome and hence constituted prejudicial error.

---

[†] Under the regulations in place at the time of Hardine's application, the opinion of a claimant's treating physician was entitled to "controlling weight" if the opinion was

No. 21-60226

\*     \*     \*

For the forgoing reasons, we VACATE the Commissioner's decision REMAND the case for further proceedings consistent with this opinion.

---

well-supported by medically acceptable techniques and not inconsistent with the record as a whole. 20 C.F.R. § 404.1527(c)(2). This "treating source rule" does not apply to claims filed on or after March 27, 2017. For those claims, no special evidentiary weight is given to specific medical sources. *Id.* § 404.1520c(a).